## THE PEOPLE *v.* ORTIZ.

### APPEAL from the District Court of Ponce.

No. 10.—Decided June 14, 1904.

DEMURRER.—A demurrer cannot be considered unless it be filed in writing and taken at the time prescribed by law.

EVIDENCE.—The taking of evidence which was not proposed and admitted at the proper time cannot be demanded when the hearing is in progress.

RIGHTS OF DEFENDANTS.—The defendant must exercise all his rights in the manner and at the time prescribed by law.

RIGHT TO A JURY TRIAL—WHEN WAIVED.—The defendant having waived his right to be tried by a jury, cannot allege as ground for a new trial that he was denied said right.

JUDGMENT.—A judgment which conforms to the law and is the result of well-developed and correctly weighed evidence, cannot be set aside.

NEW EVIDENCE.—New evidence discovered after the trial cannot be admitted, unless the requirements prescribed by the Code of Criminal Procedure have been complied with.

NEW TRIAL.—A new trial cannot be refused on the ground that it is allowable only in cases of trials by jury, inasmuch as section 364 of the Code of Criminal Procedure authorizes the Supreme Court to grant it with reference both to a jury trial and a trial by a law court.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal*, for respondent.

Appellant did not appear.

MR. JUSTICE FIGUERAS delivered the following opinion of the court:

The district attorney faithfully states the facts in the following language:

"This is an appeal taken from a judgment of the District Court of Ponce, in a case of embezzlement. The district attorney filed his information, duly sworn, on August 11, 1903, stating therein the fol-

lowing facts. In Santa Isabel, within the judicial district of Ponce, in the month of April, 1903, the person known as Rómulo Ortiz, overseer of the plantation Obdulia, owned by Fernando Vendrell, unlawfully and fraudulently disposed of two bullocks belonging to said plantation, selling them to Francisco Castén for the sum of $105.00, and appropriated the proceeds to his own use. These bullocks bear the following marks: One, of reddish yellow color, branded P. A. 386 and F. A. V. 55, and the other, of dark yellow color, branded F. A. V. 61.

"From the data contained in the record it appears that the accused was arraigned on August 27, and that he waived his right to be tried by jury.

"On September 18, 1903, the hearing was held. After the district attorney had presented his charges and offered his evidence, counsel for the accused requested that four informations that had been filed against the defendant be consolidated with the one before the court, which request was made as a demurrer. This was opposed by the district attorney and the court overruled the demurrer because it had been filed at the wrong time. The hearing was proceeded with, and when Vendrell, the injured party, gave his testimony, counsel for the defendant asked that said testimony be not taken into account as Vendrell had not brought with him the books of the plantation Obdulia. This point was decided adversely by the court. Then the court declared that the following question, put to the prejudiced party by counsel for the defendant, was impertinent: 'Have you paid the accused Rómulo Ortiz the wages earned by him during the time he was in your employ?' The taking of the evidence was proceeded with, and when the court was about to admit a certain document, counsel for the accused objected thereto, alleging that inasmuch as the books of the plantation Obulia had not been produced, no other documentary evidence could be admitted. The evidence was admitted by the court whereupon counsel for defendant entered an exception.

"The evidence having been taken, the parties presented their arguments and the court, after overruling a motion for a new trial, rendered judgment on September 23, finding the defendant guilty of the crime of embezzlement, and sentencing him to one year imprisonment in the penitentiary at hard labor, said judgment being based on the legal grounds contained in sections 345 et seq. and 301 et seq. of the Code of Criminal Procedure, and 430 and 450 of the Penal Code."

From this judgment an appeal was taken by the defendant, but he has failed to appear before this Supreme Court. Taking now into consideration the pleas set up at the trial, we find that the court did not err in overruling the demurrer interposed, with reference to the motion that four other informations that had been filed against the same defendant for similar crimes resulting to the prejudice of aforesaid Vendrell, be consolidated with the one on trial. The question is not one of demurrer, as defined in section 150 of the Code of Criminal Procedure, nor of the objections mentioned in section 153 which, according to section 161, may also be raised by demurrer when appearing on the face of the information, with the exceptions contained in the latter section; but even conceding that the one presented is among those recognized by the law, the fact is that it was not raised within the time prescribed therefor, but after the information had been read, the charges formulated and the witnesses for the prosecution sworn; nor does it appear that said exception was put in writing, as provided by sections 152 and 154 of the said Code of Criminal Procedure. The testimony of the injured party, Fernando Vendrell, cannot be set aside for the sole reason that he had not produced the accounts of the defendant with plantation Obdulia, for if the latter wanted this particular evidence, he could have submitted it in due time, but he cannot expect that the district attorney and the court should exclude important testimony which on no account can be subordinated to the books of the plantation. The question put by counsel to the injured party, as to whether he had paid the defendant his wages during the time he had been in his employ, was clearly impertinent, and it was so declared by the court. That question could have resulted in nothing really practical, because, whether the wages had been paid or not, this fact did not change the nature of the one contained in the information, nor was it, by itself, sufficient to lessen the responsibility of the guilty party. The opposition of counsel

for the defendant to the admission of documentary evidence offered by the district attorney, because the account books of the plantation Obdulia had not been produced, is also out of place. If he were interested in having such evidence taken, he could have proposed it, but having failed to do so, the judge cannot rightfully be deprived of other elements calculated to produce in his mind the necessary conviction. The law does not admit of such imaginary and capricious subordination, it affords all sorts of guarantees to the presumed offender, but he must exercise all his rights in the manner and at the time prescribed by it.

A new trial was also requested, on the following grounds: (1) Because the defendant had, without his consent or permission, been deprived of his right to a jury trial. But it appears from the record and in the communication from the presiding judge of the Ponce court, dated May 17 last, filed with the papers, that the defendant had waived his right to a trial by jury. (2) Because the verdict is contrary to the evidence and the law. The judgment conforms to the law and is the result of well developed and correctly weighed evidence. (3) Because the court committed several errors in the course of the trial to which the defendant had in due time taken exception. All the points raised have already been considered and adversely disposed of. (4) Because the defendant had discovered new and material evidence, after the trial, which it was not possible for him to produce before. This contention is untenable, inasmuch as the requirements prescribed for such a case by paragraph 7 of section 303 of the Code of Criminal Procedure, were not complied with. (5) Because books were excluded as evidence, notwithstanding that they were the best evidence. This evidence could not be admitted because it was not proposed by the defendant.

Now then, the denial of a new trial cannot be based, as would appear from the judgment, on the grounds that it can be allowed only in cases of trial by jury, because section 364

of the Code of Criminal Procedure authorizes this Supreme
Court to grant it, whether in case of a jury trial or in case of
a trial by a court sitting without a jury, and the reason for
this is obvious, as otherwise there would be no means of plac-
ing said court in a position to amend or correct irregularities
or errors that may have prejudiced the defendant or might
tend to prejudice him, with respect to some substantial right,
as provided in sections 362 and 461 of the Code of Criminal
Procedure. Such must be the reasonable construction, having
in mind the necessity of leaving no crime unpunished and at
the same time preventing the presumed offender from being
deprived of the guarantees afforded him by the law when duly
exercising his rights. But after examining this process noth-
ing is found to justify a new trial, nor is there any reason for
reversing or modifying the judgment appealed from, which
should be affirmed, with costs of the appeal against the ap-
pellant, such being the opinion entertained by us.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac-
Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this
case.